IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BUKJIOK DUBUONY,<br><br>Defendant. | 4:21-CR-3134<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on a document (filing 112) filed by the defendant after his initial appearance on the operative petition (filing 91) to revoke his supervised release. *See* filing 111. The purpose of the document is not entirely clear. The handwritten caption is "Federal Habeas Corpus," which the Court would generally understand to refer to 28 U.S.C. § 2255. *See Hill v. Morrison,* 349 F.3d 1089, 1091 (8th Cir. 2003); *United States v. Lurie,* 207 F.3d 1075, 1077 (8th Cir. 2000). And the constitutional grounds listed for the "appeal" the defendant wants to pursue make little sense unless construed as collateral attacks on the defendant's underlying judgment.[1]

Accordingly, the Court understands the defendant to be attempting a challenge to the underlying judgment in this criminal case, and proceeds to conduct the initial review governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts:

---

[1] If any of the defendant's arguments are construed as somehow attacking the operative petition to revoke supervised release, there's nothing to "appeal" because the Court has made findings on none of these issues, and the defendant remains free to assert them—through counsel—to the extent that they present viable defenses to revocation.

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

But the initial question is whether the defendant's purported § 2255 motion is timely. Generally, a § 2255 motion must be filed within 1 year from "the date on which the judgment of conviction becomes final." § 2255(f)(1). And "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). This motion was filed far more than a year after his conviction became final. *See* filing 56. It is barred by the statute of limitations.

The defendant may or may not have a defense to the pending petition to revoke his supervised release. But he cannot avoid that petition by collaterally

attacking his underlying conviction in a supervised release revocation proceeding. *See United States v. Miller*, 557 F.3d 910, 913 (8th Cir. 2009); *see also United States v. Eagle Chasing*, 965 F.3d 647, 650 (8th Cir. 2020). The means for attacking the validity of an underlying conviction are a direct appeal or a habeas corpus proceeding. *See Miller*, 557 F.3d at 913. And years after the fact, the defendant is out of time to pursue either of those courses.

## CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motions will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's motion to vacate under 28 U.S.C. § 2255 (filing 112) is denied.

2.  The Court will not issue a certificate of appealability in this matter.

3.  A separate judgment will be entered.

Dated this 17th day of July, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge